**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0425n.06
Filed: June 22, 2006

**Nos. 05-1810/05-1835**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DANIEL SALAZAR, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
|     Defendant-Appellant. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges, and GRAHAM,[*] District Judge.

**PER CURIAM.** The defendant, Daniel Salazar, challenges the sentence imposed following his conviction in two cases that were consolidated in the district court. In the first case, a Michigan grand jury charged Salazar with using interstate facilities to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b), and persuading a minor to travel in interstate commerce to engage in sexual conduct, in violation of 18 U.S.C. § 2422(a). In the second case, a New Mexico grand jury indicted him for traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and for engaging in sexually explicit conduct with a minor for the purpose of producing a photograph that was later transported in interstate

---

[*]The Hon. James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

commerce, in violation of 18 U.S.C. § 2251(a). The latter case was transferred to Michigan, where the defendant entered guilty pleas to three of the four counts in the two indictments, pursuant to a plea agreement, and was sentenced to an effective sentence of 15 years, which is the statutory mandatory minimum sentence under § 2251.

In the plea agreement, the defendant reserved the right to challenge the constitutionality of the PROTECT Act,[1] of which the amendment to § 2251 is a part. On appeal, he has done so, arguing that a provision in the Act that increases the mandatory minimum sentence for a violation of § 2251 from 10 to 15 years is unconstitutional because it violates the "separation of powers" doctrine and that, as applied to his case, § 2251 violates the Commerce Clause. We find no merit to these two contentions and affirm the judgment of the district court.

The defendant bases his separation-of-powers argument on an Oregon district court opinion, *United States v. Detwiler*, 338 F. Supp. 2d 1166 (D.Or. 2004), in which the court held invalid the so-called Feeney Amendment, which was part of the PROTECT Act but which involved the sentencing guidelines and not the increase in the mandatory minimum sentence imposed in this case under § 2251. Salazar nevertheless argues that if the Feeney Amendment is unconstitutional, as the *Detwiler* court held, then the entire

---

[1]The legislation otherwise known as the PROTECT Act actually bears the awkward title of Prosecutorial and Other Tools to end the Exploitation of Children Today Act. It includes a variety of provisions, including the creation of a national "Amber Alert" notification program for child abductions and the increase in sentence at issue here. The Feeney Amendment, which amended various provisions of the United States Sentencing Guidelines and changed the composition of the federal Sentencing Commission, was added as a rider to the Act.

PROTECT Act must be held invalid, and his sentence should therefore be reduced to the ten-year mandatory minimum that predated the Act.

Of course, a district court opinion from another circuit has little persuasive value at this stage of the current litigation, even though the Oregon court's description of the PROTECT Act is certainly apt: "a smorgasbord of unrelated provisions stuffed into a single bill for political reasons." *Id.* at 1182. Moreover, the issue in *Detwiler* was not the constitutionality of the entire Act but "whether the present federal Guidelines system, as it has been constructed by Congress, passes constitutional muster." *Id.* In addition, the PROTECT Act has a severability clause[2] that, in our judgment, would prevent the invalidation of the amendment to § 2251 even if the Feeney Amendment were found to be unconstitutional. *See Plain Dealer Pub. Co. v. City of Lakewood*, 794 F.2d 1139, 1147-48 (6th Cir. 1986) ("The Supreme Court has held that invalid portions of a statute should be severed unless it is clear that the Legislature would not have enacted those provisions which are constitutional, independent of those provisions which are not."). We therefore conclude that there is no merit to the defendant's challenge to the PROTECT Act.

Salazar also challenges his conviction under § 2251(a) on the ground that Congress "did not have the power to criminalize this type of private activity" because there is an

---

[2]Section 2 of the Act provides: "If any provision of this Act, or the application of such provision to any person or circumstance, is held invalid, the remainder of this Act, and the application of such provision to other persons not similarly situated or to other circumstances, shall not be affected by such invalidation." Pub.L. No. 108-21, § 2, 117 Stat. at 651.

insufficient nexus between the pornographic photograph of the minor and interstate commerce, based on the Supreme Court's opinions in *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), and our opinion in *United States v. Corp*, 236 F.3d 325 (6th Cir. 2001). In the latter case, we reversed a conviction under the PROTECT Act, holding that proof that the paper used to develop photographs of child pornography had traveled interstate was insufficient to implicate the Commerce Clause. However, the opinion in *Corp* predates the Supreme Court's recent decision in *Gonzales v. Raich*, 545 U.S. 1 (2005), and our application of that decision to a § 2251 conviction in *United States v. Chambers*, 441 F.3d 438 (6th Cir. 2006). The thorough analysis in the *Chambers* case need not be reiterated here. Given the proof in the record that the photograph in question was transmitted across state lines by means of the Internet, it is sufficient to note that for the reasons set out in *Chambers*, the constitutional challenge in this case must likewise fail.

AFFIRMED.